Filed 11/20/15  P. v. Martinez CA4/1

OPINION AFTER TRANSFER FROM CALIFORNIA SUPREME COURT

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063719 |
| Plaintiff and Respondent, | (Super. Ct. No. FSB801884) |
| v. | |
| JOE MARTINEZ | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County. Michael A. Smith, Judge.  Reversed and remanded for further proceedings.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kristine A. Gutierrez and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In 2008, a jury convicted Joe Martinez for, among other things, inflicting corporal injury on his wife (Pen. Code,[1] § 273.5, subd. (a)) and spousal rape (§ 262, subd. (a)(1)). The jury also found that Martinez had two prior strike convictions. The trial court sentenced Martinez to prison as a third strike offender to 25 years to life for the section 273.5, subdivision (a) offense and an additional consecutive term of 25 years to life for the section 262, subdivision (a)(1) offense.

On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act), which amended sections 667 and 1170.12 and added section 1170.126. (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).) Martinez then filed a petition to recall his sentence and for resentencing under section 1170.126, focusing on his convictions under sections 273.5 (count 1) and 262, subdivision (a)(1) (count 5).

The superior court denied the petition, finding that Martinez did not satisfy the criteria of section 1170.126, subdivision (e). The court noted that Martinez's current commitment offenses are "serious and violent felonies making [Martinez] ineligible for re-sentencing under" section 1170.126.

Martinez appeals the order denying his petition, contending that he was not statutorily ineligible for resentencing pursuant to section 1170.126 as to his conviction under section 273.5, subdivision (a). The People disagreed, arguing: (1) the court's

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

denial of the petition was not appealable, and (2) count 5 is a serious and violent felony that rendered Martinez ineligible to be resentenced.

In our prior opinion we treated Martinez's appeal as a petition for writ for habeas corpus. We concluded that the superior court did not err in denying Martinez's petition for resentencing because Martinez's sentence was imposed, in part, for spousal rape (§ 262, subd. (a)), which is a serious felony under section 1192.7, subdivision (c) and a violent felony under section 667.5, subdivision (c). Accordingly, we affirmed the trial court's denial of the petition for resentencing.

Thereafter, the Supreme Court granted Martinez's petition for review (S216922). On October 14, 2015, the Supreme Court transferred the case to this court with directions to reconsider our opinion in light of *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). We have reconsidered our opinion and, in light of *Johnson*, we now reverse and remand the case to the superior court for such further proceedings as may be appropriate.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Martinez was convicted of inflicting corporal injury on his wife (§ 273.5, subd. (a), count 1); attempted forcible sodomy (§§ 664 & 286, subd. (c)(2), count 3); attempted forcible sexual penetration (§§ 664 & 289, subd. (a)(1), count 4); and spousal rape (§ 262, subd. (a)(1), count 5). The jury found that Martinez had two prior strike convictions for robbery in violation of section 211, both serious and violent felonies. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).)

Martinez filed a *Romero*[2] motion to strike his two previous strikes as to counts 1, 3, 4, and 5. The court granted the motion as to counts 3 and 4, but denied it as to counts 1 and 5. The court then sentenced Martinez as a third strike offender to an indeterminate term of 50 years to life in prison, consisting of an indeterminate term of 25 years to life for count 1 and a consecutive indeterminate 25-years-to-life sentence for count 5.[3]

After the Act went into effect, Martinez filed a petition to recall his sentence and for resentencing under section 1170.126. The superior court summarily denied the petition, finding Martinez was disqualified from seeking relief under the statute because his "current commitment offenses include PC289(a)(1) and PC262 and PC664/286(c)(2) are serious and violent felonies making [Martinez] ineligible for re-sentencing under PC1170.126." Martinez timely appealed.

DISCUSSION

I

*APPEALABILITY*

After we filed our original opinion in this case, the Supreme Court issued the opinion in *Teal v. Superior Court* (2014) 60 Cal.4th 595. There the court held the denial of a motion to recall a sentence under section 1170.126 is an appealable order. (*Teal, supra,* at pp. 598-601.)

---

[2]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3]     The court also sentenced Martinez to prison for four years under count 3 and four years under count 4, both to run concurrently to his sentence for count 1.

4

II

*THE ACT*

The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25-years-to-life imprisonment. Under the original version of the three strikes law, a recidivist, with two or more prior strikes, who is convicted of any new felony is subject to an indeterminate life sentence. (*Yearwood*, *supra*, 213 Cal.App.4th at pp. 167-168.) However, the Act altered the previous three strikes law and limits three strike sentences to current convictions of serious or violent felonies and a limited number of other felonies[4] unless the offender has a prior strike conviction that falls within one of several enumerated categories.[5] If these exceptions do not apply to a defendant, then the court is to sentence the defendant as a second strike offender. (See *Yearwood*, *supra*, 213 Cal.App.4th at p. 168; §§ 667, 1170.12.)

Section 1170.126 also establishes a procedure for qualified inmates serving indeterminate life sentences under the three strikes law to seek resentencing under the terms of the amended law. To this end, a defendant files a petition that "specif[ies] all of the currently charged felonies, which resulted in the sentence under" section 667, subdivision (e)(2) or section 1170.12, subdivision (c)(2), "or both, and . . . specif[ies] all

---

[4]    For example, a felony offense that results in mandatory registration as a sex offender would make a defendant ineligible to petition for a resentence under the Act. (See §§ 1170.126, subd. (c); 667, subd. (e)(2)(C)(ii); 1170.12, subd. (c)(2)(C)(ii).)

[5]    For example, offenses punishable by life in prison would make a defendant ineligible for resentencing under the Act. (See §§ 1170.126, subd. (c); 667, subd. (e)(2)(C)(iv)(VIII); 1170.12, subd. (c)(2)(C)(iv)(VIII).)

of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12." (§ 1170.126, subd. (d).)  The superior court then considers the petition and must make a threshold determination whether the defendant is eligible for resentencing under section 1170.126, subdivision (e).

Section 1170.126, subdivision (e) states that an inmate is eligible for resentencing if:

> "(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

> "(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

> "(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

If the court finds the defendant is eligible under section 1170.126, subdivision (e), then it shall resentence the defendant unless it determines that resentencing the defendant would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).)

Here, the parties disagree regarding Martinez's eligibility for resentencing under section 1170.126, subdivision (e).  Martinez contends that, in determining his eligibility, the court should have only considered count 1, inflicting corporal injury on his wife (§ 273.5, subd. (a)).  Martinez argues this offense is neither a serious felony under section

6

1192.7, subdivision (c) nor a violent felony under section 667.5, subdivision (c); therefore, he satisfies the criteria of section 1170.126, subdivision (e)(1) and (2). Martinez further asserts his two prior strikes were not disqualifying strikes under section 1170.126, subdivision (e)(3). Accordingly, Martinez insists he is eligible for resentencing.

The People concede that count 1 is not a serious or violent felony, but argue that the superior court was required to consider all offenses that led to an indeterminate life sentence. The People note that count 5, spousal rape, is a violent and serious felony. As such, the People maintain Martinez was ineligible under every prong of subdivision (e). As such, we must determine whether a court, in considering a petition for resentencing under section 1170.126, must consider all the offenses on which the petitioner was sentenced or consider each offense and related term of imprisonment separately.

In *Johnson, supra*, 61 Cal.4th at pages 687 to 696, the court discussed the issue presented in this case, i.e., when a defendant has received a third strike sentence for a serious or violent felony, as well as a felony which is neither serious or violent, can the defendant qualify for resentencing on the nonviolent/serious count. There the court concluded that the approach to such case must be on a count-by-count basis. (*Id.* at pp. 690-691.) The court rejected the position taken by the People in this case.

In this case the trial court did not use the count-by-count approach now mandated by our Supreme Court. Accordingly, we must reverse the trial court's decision and remand the case to the trial court.

7

DISPOSITION

The order denying the petition to recall the sentence for the conviction of violated section 273.5, subdivision (a) is reversed. The case is remanded to the superior court for further proceedings as may be appropriate.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.

8